RENE L. VALLADARES
Federal Public Defender
Nevada State Bar No. 11479
BRIAN PUGH
Assistant Federal Public Defender
411 E. Bonneville, Ste. 250
Las Vegas, Nevada 89101
(702) 388-6577/Phone
(702) 388-6261/Fax
Brian_Pugh@fd.org

Attorney for Derrick Anthony Woodfin

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DERRICK ANTHONY WOODFIN,<br><br>Defendant. | Case No. 2:14-cr-410-GMN-VCF<br><br>**AMENDED EMERGENCY MOTION FOR THE PRODUCTION OF CHRONOLOGIES**<br><br>(Expedited Treatment Requested) |

The defendant, Derrick Anthony Woodfin, by and through his counsel, Brian Pugh, Assistant Federal Public Defender, files this Amended Emergency Motion for Production of Chronologies. This Motion is based upon the Due Process Clause of the Fifth Amendment, *Brady v. Maryland*, 373 U.S. 83 (1963), Federal Rules of Criminal Procedure 26.2 and 32.1(b)(2)(B), the following Points and Authorities, and all filings to date.

These documents are necessary for Mr. Woodfin's revocation hearing, scheduled for September 7, 2017.

DATED this 6th day of September, 2017.

RENE L. VALLADARES
Federal Public Defender

By: */s/ Brian Pugh*
BRIAN PUGH
Assistant Federal Public Defender
Attorney for Derrick Woodfin

## Points and Authorities

## Statement of Facts

On October 26, 2016, the United States Probation Office ("Probation") filed a petition to revoke Mr. Woodfin's supervised release for six alleged violations ("Petition"). ECF No. 156.

The Petition's first violation alleges that Mr. Woodfin tested positive for controlled substances on three occasions, August 11, 2016, September 1, 2016, and September 28, 2016. ECF No. 156 at pp. 2-3. Probation alleges that on August 11, 2016, Mr. "Woodfin denied willfully ingesting the illicit substance." ECF No. 156 at p. 2. Probation alleges that on September 1, 2016, Mr. "Woodfin admitted to smoking the illicit substance." *Id*. Probation also alleges that Mr. Woodfin failed to appear for drug testing on three dates. ECF No. 156 at p. 3. Probation also used the allegation that Mr. Woodfin failed to appear for three drug tests as partial basis for alleged violation number five for failure to follow instructions. ECF No. 156 at p. 4.

The Petition's second violation alleges that Mr. Woodfin moved numerous times to various hotels without notifying probation of his room number within the required time frame and his current residence was unknown. ECF No. 156 at p. 3. Probation also used the allegation that Mr. Woodfin failed to provide his room number to probation as partial basis for alleged violation number five, failure to follow instructions and six, permit probation officer visit anytime. ECF No. 156 at pp. 4-5.

The Petition's third violation alleges that Mr. Woodfin never participated in substance abuse treatment as required. ECF No. 156 at p. 3. Probation also used the allegation that Mr. Woodfin failed to participate in substance abuse treatment as partial basis for alleged violation number five for failure to follow instructions. ECF No. 156 at p. 4.

The Petition's fourth violation alleges that Mr. Woodfin failed to attend mental health counseling as required. *Id*. Specifically, the Petition alleges that on three occasions, July 30, 2016, August 6, 2016, and August 8, 2016, Mr. Woodfin failed to attend treatment. *Id*. The Petition also alleges that on August 10, 2016, Mr. Woodfin arrived for his treatment two and a half hours early and then refused to stay for treatment due to a disagreement over whether the bus route would be available to take him home after his treatment. ECF No. 156 at p. 4. The Petition also alleges that on August 11, 2016, Mr. Woodfin was rude over the telephone to the treatment center's staff. *Id*. The Petition also alleges that in August 2016, Mr. Woodfin advised probation that he began receiving mental health services from Kaiser Permanente Hospital, but failed to provide probation proof to verify his participation in the treatment. *Id*. Probation also used the allegation that Mr. Woodfin's failure to provide proof of his participation in the Kaiser Permanente Hospital program as partial basis for alleged violation number five for failure to follow instructions. *Id*.

Probation should have chronology entries that document the probation officer's conversation(s) with service providers, others in Probation, and Mr. Woodfin about Mr. Woodfin's alleged failures to appear for drug testing and treatment. Further, Probation should also have chronology entries about the alleged failure to provide room numbers, failure to appear for mental health treatment, and failure to provide documentation of his participation in the Kaiser Permanente Hospital mental health services. Furthermore, Probation should have chronology entries that document the probation officer's instruction to Mr. Woodfin about each of these allegations.

Mr. Woodfin, therefore, respectfully requests this Court order Probation to provide defense counsel with any and all chronologies regarding Probation's communications with service providers, others in Probation, and Mr. Woodfin regarding his alleged violations.

**Argument**

In *Morrissey v. Brewer*, 408 U.S. 471, 484-90 (1972), the Supreme Court defined certain due process requirements that apply to parole revocation proceedings. Shortly thereafter, the Court extended these right to probation revocations. *See Gagnon v. Scarpelli* 411 U.S. 778, 782 (1973). Federal Rule of Criminal Procedure 32.1 extends these protections to supervised release violations. *See United States v. Martin*, 984 F.2d 308, 310 (9th Cir. 1993). Rule 32.1 broadly provides that "[t]he person [subject to a revocation hearing] is entitled to . . . disclosure of the evidence against the person." Fed. R. Crim. P. 32.1(b)(2)(B). This applies whether that information is in Probation or the government's possession.

Further, the Government is obligated to provide *Brady* materials in supervised release proceedings. *See United States v. Quiroz,* 374 F.3d 682, 684 (8th Cir. 2004)(analyzing whether a *Brady* violation occurred in supervised release proceeding); *United States v. Dixon*, 187 F. Supp. 2d 601, 602-05 (S.D.W.V. 2002) (granting defendant's motion in supervised release hearing for production of *Brady* material pursuant to certain *in camera* procedures); *United States v. Ferrera*, No 89-289-MLW, 2008 WL 2222033, at *3 (D. Mass. May 23, 2008) ("The issuance of the summons [for supervised release violations] imposes certain obligations on the government . . . It must . . . provide to [defendant] all material exculpatory evidence or information that is in the possession of any federal, state or local enforcement agency that participated in the investigation of those alleged violations.") (citing *Brady*, 373 U.S. at 87).

Additionally, pursuant to Federal Rule of Criminal Procedure 26.2, the government must produce any statement of the witness that is in their possession and relates to the subject matter of the witness's testimony. This rule applies to hearings to revoke or modify supervised release under Rule 32.1(e). Fed. R. Crim. P. 26.2(g). Therefore, the government is obligated to disclose any prior written statements of a witness that they plan on calling at the upcoming revocation hearing. For judicial efficiency, defense counsel requests that the reports be

disclosed prior to the hearing to allow defense an opportunity to review them and conduct follow-up investigation.

The chronologies about the probation officer's communications with service providers about his failures to participate in their programs or missed meetings must be disclosed under Fed. R. Crim. P. 32.1(b)(2)(B) because they constitute evidence against Mr. Woodfin. Likewise, any chronology entries about drug testing or changing residence must be disclosed under Fed. R. Crim. P. 32.1(b)(2)(B). Probation or the government must also produce the requested chronologies, especially since they will be the subject of witness testimony at the revocation hearing.

On August 31, 2017, pursuant to LCR 16-1(c) and D. Nev. LR 1A, the undersigned requested discovery of numerous items from the government including chronologies. In general, the government has been cooperative and responsive, however, the government informed the undersigned that it would not turn over chronologies without a court order. Therefore, the undersigned certifies that he made a good faith effort to resolve this discovery dispute and requests the intervention of this Court to obtain the chronologies.

## Conclusion

For the foregoing reasons, Mr. Woodfin respectfully requests this Court order Probation to provide the requested documents immediately to allow counsel time to review the documents, conduct any further investigation and prepare for the revocation hearing on September 7, 2017.

DATED this 6th day of September, 2017

Respectfully Submitted,

RENE L. VALLADARES
Federal Public Defender

By: */s/ Brian Pugh*
BRIAN PUGH
Assistant Federal Public Defender
Attorney for Derrick Woodfin

**IT IS SO ORDERED.**
**DATED** this  6  day of September, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court

6

# CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that he is an employee of the Federal Public Defender for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on September 6, 2017 he served an electronic copy of the above and foregoing **AMENDED EMERGENCY MOTION FOR THE PRODUCTION OF CHRONOLOGIES (Expedited Treatment Requested)** by electronic service (ECF) to the person named below:

STEVEN W. MYHRE
Acting United States Attorney
ALEXANDRA MICHAEL
Assistant United States Attorney
501 Las Vegas Blvd. South
Suite 1100
Las Vegas, NV 89101

                                                    */s/ Karen Meyer*
                                                    Employee of the Federal Public Defender